## STATE Ex Rel. ROBINSON v. BEEMER

No. 3084

August 23, 1934.      35 P. (2d) 301.

*William McKnight* and *George Gunzendorfer,* for Petitioner:

364

## OPINION

By the Court, DUCKER, J.:

This is an original proceeding in mandamus instituted to compel the county clerk of Washoe County, Nevada, to designate the candidates for the office of trustee of Washoe County Public Hospital on the ballots for both primary and general elections; two for long term or four years, and one for short term or two years.

Relator shows in his petition that among other officers to be elected at the next general election are three trustees of said hospital.

Prior to and on Saturday, August 4, 1934, which was the last day for filing declaration of candidacy, four persons filed with said county clerk their declarations of candidacy for long-term trustee of said hospital; three filing as democrats, and one filing as a republican. Prior to and on said Saturday, four persons filed with said county clerk their declarations of candidacy for short-term trustee of said hospital; two filing as democrats, and two as republicans.

Thereafter the said county clerk caused to be published in a newspaper of general circulation in said county a notice of the primary election for the year 1934, in which he named the offices for which candidates are to be nominated, and therein named two long-term trustees and one short-term trustee for Washoe County Public Hospital.

Notwithstanding said declarations of candidacy and published notice, said clerk has declared that the names of all of the eight persons who have filed their declarations of candidacy will be by him placed on the primary ballots for the four-year term, and that those nominated will be designated on the general election ballots.

Relator has demanded of the said county clerk that he designate the candidates for trustees on the primary ballots as for the long term and short term in accordance with their declarations of candidacy, which he has refused and will refuse to do.

The clerk filed an answer to the petition. Relator demands a peremptory writ.

A determination of the issue depends upon the construction to be given the latter part of section 2 of the act of the legislature of 1929 (Stats. 1929, c. 169) pursuant to which the Washoe County Public Hospital was established. The section reads: "Should a majority of all the votes cast upon the question in each county concerned be in favor of establishing such county public hospital, the board or boards of county commissioners shall immediately proceed to appoint five (5) trustees chosen from the citizens at large, with reference to their fitness for such office, all residents of the county or counties concerned, not more than three (3) to be residents of the city, town, or village in which said hospital is to be located, who shall constitute a board of trustees for said public hospital. The said trustees shall hold their offices until the next following general election when five (5) hospital trustees shall be elected and hold their offices, three (3) for two (2) years and two (2) for four (4) years, and at subsequent general elections the offices of the trustees whose terms of office are about to expire shall be filled by the nomination and election of hospital trustees in the same manner as other county officers are elected." Section 2226, N. C. L.

One general election at which trustees were elected as provided in said section has intervened since the establishment of the hospital.

We are of the opinion that the peremptory writ should issue as prayed for. It is reasonable to assume from said section that it was intended to provide for hold-over trustees by means of long and short terms of office. This is the customary way of providing for hold-over members on boards, and there is nothing in the language of the section indicating that it was intended to depart from this method. Respondent contends that the same end would be accomplished if the offices of the trustees whose terms are about to expire were filled at general elections for the terms of four years, and that such a purpose is evidenced by the words "offices of the trustees whose terms of office are about to expire shall be filled  *  *  *  in the same manner as other county officers are elected." This would be an unusual way of providing hold-over members for a board, and such purpose is not, in our opinion, warranted by the language last quoted. The word "manner," in its common acceptation, means mode of procedure; way. It does not comprehend a term of office. So we conclude that, as employed in the section, it means the mode by which a citizen may be nominated or elected for the office of hospital trustee.

It is ordered that a peremptory writ of mandamus issue out of this court commanding the respondent, Elwood H. Beemer, as county clerk of Washoe County, Nevada, to designate the candidates for the office of trustee of Washoe County Public Hospital on the ballots for both primary and general elections, two for long term or four years, and one for short term or two years.